UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. **08-20926-CIV-ALTONAGA/BROWN**

OSCAR CORTES,

    Plaintiff,

v.

LINDA SWACINA, DISTRICT
DIRECTOR, UNITED STATES CITIZENSHIP &
IMMIGRATION SERVICES,
MIAMI DISTRICT, AND

ROBERT S. MUELLER, III, DIRECTOR,
FEDERAL BUREAU OF INVESTIGATION,

    Defendants.

_____/

FILED by JC D.C.
ELECTRONIC

APR. 4, 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**REQUEST FOR HEARING BEFORE DISTRICT COURT AND
COMPLAINT FOR MANDAMUS**

Plaintiff, by his attorney, complaining of Defendants, alleges as follows:

**PARTIES**

1. Plaintiff Oscar Cortes, born in Colombia on January 29, 1962, is a lawful permanent resident of the United States (A76 927 953) who resides in Broward County, Florida. Plaintiff applied for naturalization to United States Citizenship & Immigration Services ("USCIS"), pursuant to 8 USC § 1445, by filing Form N-400.

2. Defendant Linda Swacina is the Director of the USCIS Miami Field Office (the "Miami Office") and resides and works in Miami-Dade County, Florida, which is within the jurisdiction of this Court. Defendant is charged with supervisory authority over all USCIS operations and personnel within the Miami Office, including naturalization and citizenship applications adjudicated by Miami Office personnel. 8 CFR § 100.4(b)(6).

Defendant has jurisdiction over the State of Florida. Id. The Defendant is sued in her official capacity.

3.      Robert S. Mueller, III is the Federal Bureau of Investigation (the "FBI") Director and is generally charged with supervisory authority over all FBI operations and personnel, including supervisory authority over the FBI's National Name Check Program Section which, upon USCIS' request, provides the name checks to USCIS on applicants for immigration benefits, such as naturalization applicants. The Defendant is sued in his official capacity.

## JURISDICTION

4.      The Court has jurisdiction in this action pursuant to 8 USC § 1447(b), 28 USC § 1361, and 5 USC § 702 *et seq*. Relief is requested pursuant to these statutes.

5.      This action challenges Defendants' policies, practices, interpretations of law, and their failure to act, not the discretionary granting or denial of individual petitions or applications. Therefore, the jurisdictional limitations under 5 USC § 701(a)(2) and 8 USC § 1252 do not apply.

## VENUE

6.      Venue is proper in this Court, pursuant to 28 USC § 1391(e), in that this is an action against U.S. officers in their official capacity brought in the District where the Plaintiff and Defendant Swacina reside and where a substantial part of the events and/or omissions giving rise to Plaintiff's claims have occurred. No real property is involved in the action.

## EXHAUSTION OF REMEDIES

7.      Plaintiff has exhausted his administrative remedies as USCIS, pursuant to 8 CFR § 335.3(a), has not made a determination on the Form N-400 received by USCIS on or around December 6, 2005. USCIS, through agents at its Miami Office, conducted an examination on Plaintiff's N-400 on March 31, 2006.

## FACTUAL ALLEGATIONS

8.      Federal immigration law allows persons who have been residing in the United States as lawful permanent residents to become U.S. citizens through a process known as naturalization.

9.      A person seeking to naturalize must meet certain requirements including a sufficient period of physical presence and continuous residence in the United States, good moral character, and an understanding of English and U.S. history and form of government. 8 USC §§ 1423, 1427(a).

10.     A person seeking to naturalize must submit an application for naturalization to USCIS, along with a fee. 8 USC § 1445; 8 CFR § 334.2.

11.     USCIS is the agency that is responsible for adjudicating naturalization applications. 8 CFR § 100.2.

12.     USCIS has a policy of processing naturalization applications in chronological order, based upon date of receipt of the application and fee. In accordance with this policy, USCIS grants the applicant a "priority date" that is based on the date of receipt. Immigration and Naturalization Service (legacy "USCIS") Operations Instruction § 103.2(q).

13.     Once USCIS receives a naturalization application, it conducts a personal investigation of the naturalization applicant. 8 USC § 1446(a); 8 CFR § 335.1.

3

14. Under 8 CFR § 335.2(b), the FBI performs a criminal background check on each naturalization applicant. This criminal background check involves a fingerprint check and database check that confirm whether or not the applicant has an administrative or criminal record. 8 CFR § 335.2(b).

15. After the FBI completes the criminal background check, USCIS schedules a naturalization examination, at which an applicant meets with a USCIS examiner who is authorized to ask questions and take testimony. 8 CFR § 335.2(a). The examination typically includes questions testing the applicant's English literacy and basic knowledge of U.S. history and government. 8 CFR § 335.2(c).

16. The USCIS examiner must determine whether to grant or deny the naturalization application. 8 USC § 1446(d). Naturalization is not discretionary. USCIS must grant a naturalization application if the applicant has complied with all requirements for naturalization. 8 CFR § 335.3. USCIS must make a final determination on every naturalization application, either at the time of the examination or, at the latest, within 120 days after the date of the examination. 8 CFR § 335.3.

17. Once an application is granted, USCIS schedules the applicant for an oath ceremony at which he or she is sworn in as a U.S. citizen.

18. If USCIS does not issue a decision within 120 days of the examination, an applicant may file suit in district court under 8 USC § 1447(b) conferring jurisdiction upon the district court to determine the matter (and grant or deny U.S. citizenship) or remand with appropriate instructions to USCIS to determine the matter. United States v. Hovsepian, 359 F.3d 1144 (9th Cir. 2004). A primary purpose of that statute, enacted in 1990, was to decrease the backlogs in the naturalization process and reduce waiting times

4

for naturalization applicants. H.R. Rep. No. 101-187, at 8 (1989); 135 Cong. Rec. H4539-02, H4542 (1989)(statement of Rep. Morrison).

19.     In addition, 8 USC § 1571(b) states, "It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial date of filing of the application[.]" Naturalization applications are among the "immigration benefit applications" included within this provision. This provision, along with 8 USC § 1571(a), § 1572, and § 1573, make clear Congress' intent to eliminate persistent backlogs in the processing of immigration benefit applications. Moreover, Congress has defined the term "backlog" in the statute as "the period of time in excess of 180 days that such application has been pending before the Immigration and Naturalization Service." 8 USC § 1572(1).

20.     8 USC § 1571(b) provides the statutory guideline and "rule of reason" for determining whether naturalization applications are being processed in a timely manner. Under the most straightforward reading of 8 USC § 1571(b), all naturalization applications that are not finally adjudicated within 180 days of the date of submission are unreasonably delayed.

21.     In addition to the criminal background check to be performed by the FBI pursuant to 8 CFR § 335.2(b), USCIS has requested an "FBI name check" for naturalization applicants. The "FBI name check" used by USCIS for naturalization applications is not part of the FBI criminal background check required by Public Law 105-119, Title I, 111 Stat. 2448-49 (Nov. 26, 1997) and implemented pursuant to 8 CFR § 335.2. See Mocanu v. Mueller, 2008 U.S. Dist. LEXIS 10122 (D. Pa. 2008).

22. In two interoffice memoranda issued by USCIS on April 25, 2006 and December 21, 2006, published without notice and comment, USCIS has stated its requirement of the completion of the "FBI name check" prior to USCIS adjudication of a Form N-400. See again Mocanu v. Mueller, 2008 U.S. Dist. LEXIS 10122 (D. Pa. 2008).

23. The "FBI name check" is now a key cause of delay in the processing of a naturalization application. In his annual report to Congress in June 2007, USCIS ombudsman Prakash I. Khatri called USCIS' backlog of FBI name checks "unacceptable from the standpoint of national security and immigration benefits processing." Calling the FBI name check delays the "most pervasive problem" in USCIS processing, Khatri concluded that they "may increase the risk to national security by prolonging the time a potential criminal or terrorist remains in the country." Khatri concluded that USCIS should end or sharply narrow its use of "FBI name checks." Spencer S. Hsu and N.C. Aizenman, *FBI Name Check Cited in Naturalization Delays: Official Calls Backlog 'Unacceptable'*, Wash. Post, June 17, 2001, at A1.

24. On February 20, 2007, USCIS released an update titled "USCIS Clarifies Criteria To Expedite FBI Name Check: Federal Litigation Removed as Sole Basis to Expedite Check." USCIS will expedite an "FBI name check" if a case meets its approved criteria, including "significant and compelling reasons . . . ."

25. Plaintiff filed a naturalization application pursuant to 8 USC § 1445 that was received by USCIS on or around December 6, 2005. The naturalization application, including the requisite filing fee, was submitted on Form N-400.

26. On March 31, 2006, pursuant to 8 CFR § 335.2, a Miami Office officer conducted an examination over Plaintiff's naturalization application.

27. At his examination, Plaintiff passed the tests of English and U.S. history and government. The Miami Office officer requested no additional evidence from Plaintiff, but a determination was not rendered on Plaintiff's naturalization application pursuant to 8 CFR § 335.3(a).

28. On January 14, 2005, Terrance M. O'Reilly, Director, Field Operations, USCIS, notified USCIS offices, including the Miami Office, of the issuance of an amended edition of Form N-652, Naturalization Interview Results, that explicitly notifies a naturalization applicant of his or her rights under section 336 of the Immigration and Nationality Act [8 USC § 1447] in the event USCIS does not make a determination on the applicant's naturalization application within 120 days of the interview. The current Form N-652, which the Miami Office is to give to each naturalization applicant at the conclusion of his or her initial naturalization interview, states, "Please be advised that under section 336 of the Immigration and Nationality Act [8 USC § 1447], you have the right to request a hearing before an immigration officer if your application is denied, or before the U.S. district court if USCIS had not made a determination on your application within 120 days of the date of your examination." A copy of the Form N-652 issued to Plaintiff on March 31, 2006 is attached as Exhibit A.

29. Pursuant to 8 CFR § 335.3(a), USCIS has failed to determine Plaintiff's naturalization application before the end of the 120-day period after the examination which took place on March 31, 2006.

30. USCIS is required to make a determination on Plaintiff's naturalization application pursuant to 8 CFR § 335.3(a).

7

31. According to the USCIS website's posted processing dates for the Miami Office, as of March 15, 2008, the Miami Office is completing processing of Form N-400s with a Receipt Notice Date of May 14, 2007.

32. USCIS' delay in completing processing of Plaintiff's Form N-400 is over one year and five months from the Miami Office's posted processing time. Plaintiff's Form N-400 has been processing for over two years and several months with USCIS.

**FIRST CLAIM FOR RELIEF**
(Request for Hearing Before District Court)

33. Plaintiff realleges and incorporates by reference paragraphs 1 through 32 inclusive.

34. More than 120 days have passed since Plaintiff's naturalization examination and USCIS, through its agents, has failed to make a determination over Plaintiff's naturalization application pursuant to 8 CFR § 335.3(a).

35. USCIS' failure to determine Plaintiff's naturalization application before the end of the 120-day period after the examination date allows the Plaintiff to bring this matter to this Court for a hearing pursuant to 8 USC § 1447(b).

36. USCIS, consents to a hearing before the District Court, per the current Form N-652, as USCIS has failed to determine Plaintiff's naturalization application before the end of the 120-day period after his initial interview date when the Form N-652 is provided.

37. Plaintiff requests a hearing pursuant to 8 USC § 1447(b) and a judicial determination over Plaintiff's naturalization application or for the Court to remand the matter, with appropriate instructions, to USCIS.

**SECOND CLAIM FOR RELIEF**
(Violation of the Mandamus Act)

8

38.     Plaintiff realleges and incorporates by reference paragraphs 1 through 32 inclusive.

39.     USCIS and the FBI, who works with USCIS on Plaintiff's Form N-400, have a duty to Plaintiff to see that Plaintiff's Form N-400 is determined.

40.     Despite their duty, USCIS and the FBI, through their agents and in violation of the Mandamus Act, 28 USC § 1361, have withheld and/or unreasonably delayed completing their processing on Plaintiff's Form N-400.

41.     USCIS and the FBI should be compelled to complete processing of Plaintiff's Form N-400 and, thereby, perform the duty USCIS and the FBI owe to Plaintiff.

### THIRD CLAIM FOR RELIEF
(Violation of the Administrative Procedure Act)

42.     Plaintiff realleges and incorporates by reference paragraphs 1 through 32 inclusive.

43.     Pursuant to 5 U.S.C. § 706, this Court shall hold unlawful agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise unlawful.  5 U.S.C. § 706(2)(A).

44.     Pursuant to 5 U.S.C. § 706, this Court shall also hold unlawful agency action, findings, and conclusions found to be without observance of procedure required by law. 5 U.S.C. § 706(2)(D).

45.     USCIS and the FBI, without observance of procedure required by law, have failed to complete processing Plaintiff's naturalization application despite having the naturalization application for sufficient time, as a matter of law and fact, to complete processing.

46. USCIS and the FBI's refusal to act also violates the Administrative Procedure Act, as the alleged agency action is based on procedurally invalid substantive rules issued in violation of the notice and comment rulemaking requirements under 5 U.S.C. § 553(b) and (c). See Mocanu, 2008 U.S. Dist. LEXIS 10122 (D. Pa. 2008).

## FOURTH CLAIM FOR RELIEF
(Non-statutory Action for Non-monetary Relief)

47. Plaintiff realleges and incorporates by reference paragraphs 1 through 32 inclusive.

48. The policies, procedures, and interpretations of law that have caused or given rise to Defendants' failure to complete processing Plaintiff's Form N-400 are *ultra vires*. See Mocanu, 2008 U.S. Dist. LEXIS 10122 (D. Pa. 2008).

49. Defendants have disregarded specific and unambiguous statutory directives to complete processing Plaintiff's Form N-400.

## IRREPARABLE INJURY

50. As a result of USCIS and the FBI's failure to complete processing and make a determination on Plaintiff's naturalization application, Plaintiff is being deprived of the substantial and unique benefit of U.S. citizenship.

## REQUEST FOR RELIEF

51. Plaintiff respectfully requests that Defendants be cited to appear and that the Court enter an order:

(a) hearing Plaintiff and determining Plaintiff's naturalization application or remanding the matter, with appropriate instructions, to USCIS; or

(b) compelling USCIS and the FBI to complete their processing on Plaintiff's naturalization application; or

10

(c) strike down USCIS' rules concerning the "FBI name check" as procedurally defective substantive rules in violation of the notice and comment rulemaking provisions of the Administrative Procedure Act; or

(d) granting such other relief at law and in equity as justice may require; and

(e) holding Plaintiff a "prevailing party" and providing for the award of costs and attorney's fees and expenses under The Equal Access to Justice Act, as amended, 28 USC § 2412.

Respectfully submitted,

BANDER & ASSOCIATES, P.A.
444 Brickell Avenue, Suite 300
Miami, Florida 33131
Telephone: (305) 358-5800
Fax: (305) 374-6593
Email: stephen@bandervisa.com

Stephen M. Bander
Florida Bar No. 0160679
Attorney for Plaintiff Oscar Cortes (A76 927 953)

Dated this 2nd day of April, 2008.

11

| U.S. Department of Justice | Naturalization Interview Results |
|---|---|
| Immigration and Naturalization Service | |

A#: <u>A 076 927 953</u>

On <u>MAR 31 2006</u>, you were interviewed by INS officer <u>T. Duque</u>.

☑ You passed the tests of English and U.S. history and government.
☐ You passed the test of U.S. history and government and the English language requirement was waived.
☐ The Service has accepted your request for a Disability Exception. You are exempted from the requirement to demonstrate English language ability and/or a knowledge of U.S. history and government.

☐ You will be given another opportunity to be tested on your ability to _____ speak / _____ read / _____ write English.
☐ You will be given another opportunity to be tested on your knowledge of U.S. history and government.

☐ Please follow the instructions on the Form N-14.
☐ INS will send you a written decision about your application.

☐ You did not pass the second and final test of your _____ English ability / _____ knowledge of U.S. history and government. You will not be rescheduled for another interview for this N-400. INS will send you a written decision about your application.

A)_____ **Congratulations! Your application has been recommended for approval.** At this time, it appears that you have established your eligibility for naturalization. If final approval is granted, you will be notified when and where to report for the Oath Ceremony.

B)__✓__ **A decision cannot yet be made about your application.**

**It is very important that you:**
✓ Notify INS if you change your address.
✓ Come to any scheduled interview.
✓ Submit all requested documents.
✓ Send any questions about this application in writing to the officer named above. Include your full name, A-number, and a copy of this paper.
✓ Go to any oath ceremony that you are scheduled to attend.
✓ Notify INS as soon as possible in writing if you cannot come to any scheduled interview or oath ceremony. Include a copy of this paper and a copy of the scheduling notice.

N-652 (Rev. 12/7/99) Y

"EXHIBIT A"

08-20926-CIV-ALTONAGA/BROWN
Case 0:08-cv-20926-CMA Document 1 Entered on FLSD Docket 04/04/2008 Page 13 of 13
FILED by JG D.C.
ELECTRONIC
APR. 4, 2008
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

%JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases**

## I. (a) PLAINTIFFS
Cortes, Oscar

**(b)** County of Residence of First Listed Plaintiff: Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Stephen M. Bander, Esq.
444 Brickell Avenue, Suite 300
Miami, Florida 33131/(305) 358-5800

## DEFENDANTS
U.S. Citizenship and Immigration Services, Director Emilio T. Gonzalez, Field Office Director Linda Swacina and Federal Bureau of Investigation, Director Robert S.

County of Residence of First Listed Defendant:
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)
R. Alexander Acosta, U.S. Attorney, Southern District of Florida, 500 E. Broward Blvd., Ft. Lauderdale, Florida 33394/(954) 356-7255

**(d)** Check County Where Action Arose: ✓ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
✓ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

Dade 08-20926-CIV-Altonaga/Brown

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | | ☐ 710 Fair Labor Standards Act | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | | ☐ 720 Labor/Mgmt. Relations | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | | **SOCIAL SECURITY** | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | ☐ 871 IRS—Third Party 26 USC 7609 | |

## V. ORIGIN (Place an "X" in One Box Only)

✓ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☐ NO
b) Related Cases ☐ YES ☐ NO
JUDGE
DOCKET NUMBER

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause **(Do not cite jurisdictional statutes unless diversity)**:
8 USC 1447(b), 28 USC 1361, & 5 USC 702 (Request for Hearing and Complaint for Mandamus)

LENGTH OF TRIAL via 1 days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
**DEMAND $** 0.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ✓ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
DATE April 2, 2008

FOR OFFICE USE ONLY
AMOUNT 350 RECEIPT # 978121 IFP