UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.  08-20926-CIV-ALTONAGA/Brown

OSCAR CORTES,

     Plaintiff,

vs.

LINDA SWACINA, District Director, United
States Citizenship & Immigration Services,
Miami District; and ROBERT S. MUELLER,
III, Director, Federal Bureau of Investigation,

     Defendants.

_____/

## ORDER

**THIS CAUSE** came before the Court on Magistrate Judge Stephen T. Brown's Report and Recommendation (the "Report") [D.E. 17], issued on October 17, 2008.  On June 11, 2008, Plaintiff filed his Motion for Attorney's Fees [D.E. 8], and the Court referred the Motion to Judge Brown under 28 U.S.C. § 636(b)(1)(B).  In the Report, Judge Brown recommends granting Plaintiff's Motion.  On October 27, 2008, Defendants filed Objections to the Report [D.E. 18].  The undersigned has conducted a *de novo* review of the record and fully concurs with Judge Brown's recommendations.

Plaintiff filed a naturalization application pursuant to 8 U.S.C. § 1445 on December 6, 2005. On March 31, 2006, Plaintiff was examined by a U.S. Citizenship and Immigration Services ("USCIS") officer at the Miami office pursuant to 8 C.F.R. § 335.2.[1]  Plaintiff passed the English,

_____

[1] Section 335.2 provides, in pertinent part

(a) General. Subsequent to the filing of an application for naturalization, each applicant shall appear

Case No. 08-20926-CIV-ALTONAGA/Brown

U.S. history, and government components of the examination, but the officer requested additional evidence. A determination on Plaintiff's application was not rendered at that time.

As part of the naturalization application process, USCIS requests a criminal background check or "name check" be completed by the Federal Bureau of Investigations ("FBI"). Although regulations require the background check to be completed before an applicant is examined by USCIS, in this case that did not occur. *See* 8 C.F.R. § 335.2. The FBI received the name check request for Plaintiff's naturalization application from USCIS on December 29, 2005, but the check was not completed before Plaintiff's March 31, 2006 examination.

Over two years after the initial examination, Plaintiff's application was still pending, and on April 4, 2008, Plaintiff filed his Complaint [D.E. 1] pursuant to 8 U.S.C. § 1447(b), seeking a determination from USCIS. Section 1447(b) provides,

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

On April 7, 2008, a Notice of Appearance was filed on behalf of Defendants [D.E. 3]. Later the same day, the Court entered an Order (the "April 7 Order") [D.E. 4] remanding the case to

---

in person before a Service officer designated to conduct examinations pursuant to § 332.1 of this chapter. The examination shall be uniform throughout the United States and shall encompass all factors relating to the applicant's eligibility for naturalization. The applicant may request the presence of an attorney or representative who has filed an appearance in accordance with part 292 of this chapter.

(b) Completion of criminal background checks before examination. The Service will notify applicants for naturalization to appear before a Service officer for initial examination on the naturalization application only after the Service has received a definitive response from the Federal Bureau of Investigation that a full criminal background check of an applicant has been completed. . . .

2

Case No. 08-20926-CIV-ALTONAGA/Brown

USCIS and requiring Plaintiff to serve the Complaint and the Order on Defendants. The April 7 Order required Defendants to make a determination on Plaintiff's application within 120 days. The Complaint and Summonses were served on the U.S. Attorney for the Southern District of Florida on April 10, 2008 [D.E. 20-2], on the District Director of USCIS on April 11, 2008 [D.E. 20-2], on the FBI on April 15, 2008 [D.E. 22], and on Attorney General Michael Mukasey on April 18, 2008 [D.E. 20-2, 21].

The FBI completed the name check in accordance with its normal, as opposed to expedited, procedures on April 15, 2008 (*See Decl. of Michael Cannon* [D.E. 14-2] at ¶ 43), more than two years after Plaintiff's examination and a week after Plaintiff's Complaint was filed and remanded to USCIS. The results of the name check were disclosed to Plaintiff on April 22, 2008, and on May 22, 2008, USCIS approved Plaintiff's naturalization application. Plaintiff then filed a copy of the Form N-400 Approval in this Court on May 30, 2008 [D.E. 5].

On June 11, 2008, Plaintiff filed the Motion for Attorney's Fees [D.E. 8] seeking a fee award under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The EAJA provides,

> a court shall award to a *prevailing party* other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, *unless the court finds that the position of the United States was substantially justified* or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (emphasis added). Plaintiff argues he was a prevailing party in this action due to the Court's April 7 Order remanding the case to USCIS. Furthermore, Plaintiff argues Defendants' position was not substantially justified under existing case law in this District.

3

Case No. 08-20926-CIV-ALTONAGA/Brown

In the Report, Judge Brown agrees with Plaintiff and finds an attorney fee award proper under the EAJA. Rejecting Defendants' position that processing Plaintiff's application was voluntary, Judge Brown found Plaintiff was a prevailing party. Judge Brown also rejected Defendants' contention that their pre-litigation delay in processing the application was substantially justified, noting other similar cases in this District that have found such delays unjustified.

In their Objections to the Report [D.E. 18], Defendants first argue they were never properly served with the Complaint and Summonses in this case, and thus the Court did not have jurisdiction over them. Subsequent to Defendants filing the Objections, however, Plaintiff provided proof of service as to each Defendant, as stated. Defendants appear to concede that service was perfected.

Defendants next contest Judge Brown's conclusion that Plaintiff falls within the definition of a prevailing party under the EAJA, asserting the same arguments rejected by Judge Brown in the Report. The undersigned agrees with Judge Brown's analysis. In *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598 (2001), "[t]he Court explained that a 'prevailing party' is one who has been awarded some relief by the court; i.e., some court-ordered change in the legal relationship between the plaintiff and the defendant." *Morillo-Cedron v. Dist. Director for U.S. Citizenship and Immigration Servs.*, 452 F.3d 1254, 1257 (11th Cir. 2006) (citing *Buckhannon*, 532 U.S. at 604). In *Buckhannon*, the Supreme Court rejected the "catalyst theory," under which a party "prevailed" if the filing of a lawsuit brought about a voluntary change on the part of the defendant. Instead, a party prevails only if the court order carries with it "the necessary judicial *imprimatur* on the change" in conduct. *Buckhannon*, 532 U.S. at 605.

Judge Brown found the Court's April 7 Order remanding the case to USCIS and requiring

4

Case No. 08-20926-CIV-ALTONAGA/Brown

a decision on Plaintiff's naturalization application within 120 days sufficiently altered the relationship between the parties and carried sufficient judicial *imprimatur* to satisfy the standard set out in *Buckhannon*.  Defendants appear to argue that because the undersigned issued the Order remanding the case before Defendants had an opportunity to take a position in the proceedings, their processing of Plaintiff's application was voluntary rather than motivated by the Order.  And, as stated, a voluntary change in position in response to a plaintiff's complaint is not enough for the plaintiff to be found the "prevailing party."  In essence, Defendants argue now, as they did before Judge Brown, that Plaintiff cannot be found to be a prevailing party unless Defendants resisted Plaintiff's Complaint in some way.  The undersigned agrees with Judge Brown's conclusion that there is no such requirement for a Plaintiff to qualify as a prevailing party.

As stated, under *Buckhannon*, there must be a legal change in the relationship between the parties, and the judicial action must have been a cause of that legal change.  Irrespective of whether Defendants opposed Plaintiff's Complaint, Plaintiff's legal relationship *vis-à-vis* Defendants changed after entry of the April 7 Order.  Defendants were under court order to reach a decision on Plaintiff's application by a date certain, which they ultimately did, resulting in approval of Plaintiff's application.  Plaintiff's first claim seeks, in the alternative, "the Court to remand the matter, with appropriate instructions to USCIS" under Section 1447(b).  (*Compl.* at ¶ 37).  The second claim is a request pursuant to the Mandamus Act, 28 U.S.C. § 1361, that the Court compel USCIS and the FBI to "complete processing of Plaintiff's" application.  (*Id.* at ¶ 41).  Ostensibly, the April 7 Order granted Plaintiff's claims, in part.  It is difficult to see how this is not a change in the legal relationship between the parties.

Case No. 08-20926-CIV-ALTONAGA/Brown

Defendants also argue the adjudication of Plaintiff's application was voluntary, apparently on the basis that the FBI was unaware of the April 7 Order when it completed the name check.[2] Defendants assert the FBI's conclusion of its name check occurred under normal circumstances because the FBI did not employ "expedited" procedures. According to Defendants, the April 7 Order had no effect on the decision regarding Plaintiff's application, and thus lacked judicial *imprimatur*.

The undersigned does not agree, and instead concurs with Judge Brown's conclusions. Judge Brown noted that USCIS failed to follow its own regulations and examined Plaintiff before the FBI completed the name check. *See* 8 C.F.R. § 335.2. The processing of the naturalization application was not, therefore, "routine." In any event, as Judge Brown noted, Defendants received the April 7 Order before a decision was rendered on the application, and the April 7 Order required them to render such a decision within 120 days irrespective of whether they were following "routine" procedures. Defendants did not object to entry of the April 7 Order. In sum, Defendants' Objections do not present grounds for reexamining Judge Brown's conclusion that Plaintiff is a "prevailing party" within the meaning of the EAJA.

Defendants also contest Judge Brown's conclusion that there was no "substantial justification" for Defendants' conduct in this case. Judge Brown recognized Defendants took no position in this litigation because the case was remanded before they responded to the Complaint, but that Defendants' extended delay in rendering a decision on Plaintiff's application was not

---

[2] The Court observes that in spite of Defendants' contention that the FBI was unaware of the April 7 Order, a Notice of Appearance was filed on behalf of all Defendants, including the FBI, before the April 7 Order was docketed. There is no doubt that counsel for the FBI received the Order before the name check was completed and before a decision on Plaintiff's application was rendered. Electronic delivery of the April 7 Order to Defendants' counsel is reflected in the records of the CM/ECF filing system.

Case No. 08-20926-CIV-ALTONAGA/Brown

substantially justified.  Defendants argued the backlog in processing applications and name checks was a substantial justification for the delay.  Judge Brown noted this argument had been rejected by judges in this District as well as in others.  Specifically, Judge Brown cited Chief Judge Federico Moreno's decision in an analogous situation where the government made an identical argument.  *See Silebi De Donado v. Swacina*, Case No. 07-20190-CIV-MORENO [D.E. 26].  In *Silebi De Donado*, as here, the government failed to follow regulations and examined the plaintiff a year before the FBI name check was completed.  Judge Moreno found this failure was not substantially justified.  The undersigned agrees with Judges Moreno and Brown.

Defendants argued before Judge Brown that the term "examination" in Section 1447, which triggers the 120-day period, refers to the entire process of evaluating the application rather than USCIS' initial interview of the applicant.  Judge Brown rejected this argument pointing again to the same argument asserted by the government in *Silebi De Donado* and rejected by Judge Moreno.  *See id.* at 6-7 ("the majority view in the Southern District of Florida is that 'examination' refers to the initial USCIS interview.  The EAJA precludes an award of attorney's fees to a plaintiff when the United States' position is *substantially* justified.  The Court finds that Defendants' position does not rise to that level.") (emphasis in original) (citations omitted).  In their Objections, Defendants point out there is support for the "minority" position they advance, that the examination period encompasses the entire process.  The undersigned is again persuaded by Judges Moreno and Brown that, in this District, Defendants' position is not *substantially* justified.

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that Judge Brown's Report **[D.E. 17]** is **AFFIRMED AND**

7

Case No. 08-20926-CIV-ALTONAGA/Brown

**ADOPTED** in total as follows:

(1)     In accordance with the reasoning stated in Judge Brown's Report and herein, Plaintiff's Motion for Attorney's Fees **[D.E. 8]** is **GRANTED**.

(2)     Should the parties fail to reach agreement concerning the amount of fees requested by Plaintiff, they may submit supplemental memoranda within fourteen (14) calendar days of the date of this Order.  The matter is REFERRED to Judge Brown for a determination of that issue.

        **DONE AND ORDERED** in Chambers in Miami, Florida this 10th day of November, 2008.

*Cecilia M. Altonaga*
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record

8